WARD, Judge.
Renaldo Carter, a 13 year old juvenile, was found guilty of simple robbery and was adjudicated “delinquent.” He was sentenced to serve four years in the custody of the Director of The Department of Corrections.
In this appeal, Carter claims that the Trial Court erred twice. First, when he revoked probation, and second, when he imposed a “constitutionally excessive sentence.” He claims that the Trial Judge erred when he revoked probation because he ignored a favorable report from Carter’s probation officer that he was responding favorably to supervision by the Department and that he was now in school and doing well, and he now argues that he does not pose a threat to the public. He also claims that the Trial Judge erred in imposing sentence because the Juvenile Code requires the “least restrictive disposition” and this sentence is not the “least restrictive.”
We disagree and affirm the sentence because the Trial Judge did not abuse the great discretion given to him either when he revoked probation or when he imposed sentence. The record does not show that he was clearly wrong; rather, the record supports the Trial Judge. Carter had previously been adjudicated a delinquent after he was found to have committed an armed robbery. The Trial Judge sentenced Carter to confinement for two years in the custody of the Director of the Department of Corrections, but he suspended the sentence and placed Carter on probation. One of the conditions of Carter’s probation was that he refrain from committing any crime. Carter violated that probation when he committed the simply robbery which resulted in this conviction. The Juvenile Judge did not err when he revoked that probation.
Although a probation officer’s recommendation must be given careful consideration, it is not determinative. Other factors must be considered. One consideration that readily comes to mind is that sentences of a Court must be given meaning. If conditions of probation made part of a sentence can be violated with impunity, the sentence is meaningless, respect for the Court is diminished, and other probationers may feel free to ignore conditions of their probation. Of course in some situations a Trial Judge may exercise his discretion and not revoke probation, but when he exercises his discretion to revoke, that decision should not be reversed unless he has clearly abused his discretion. In this instance, he has not.
Further, because Carter has been convicted of armed robbery in the past, we do not believe the sentence of four years is excessive. The maximum sentence is seven years, and in spite of Carter’s protestations, we cannot say the Trial Judge was wrong when he found Carter was a danger to society, one among a number of reasons why Carter’s incarceration was reasonable.
Affirmed.